The opinion states the case.

*Hardin & Johnson,* of Dallas, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

JOE BAILEY JOHNSON V. THE STATE.

No. 22227. Delivered October 28, 1942.

■■■■■■.

The opinion states the case.

*Stewart & Barron,* of Bryan, and *M. L. Bennett,* of Normangee, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of murder without malice and assessed a penalty of two years in the penitentiary.

The record is before us without bills of exception. All requested charges were given by the court and the only question for our consideration is the sufficiency of the evidence.

Joe Flores, a Mexican, lived in adultery with Ora Hunter, a negro, and had so lived for more than twenty years. Flores was the father of her daughter whom appellant had married. Some time previous to the homicide appellant and his wife had quarrelled and separated. She was living at the home of Ora Hunter, her mother, with whom the deceased cohabited and it was known that he always spent the night there, though he had another house which he called his home. Because of the trouble between appellant and his wife, the general family disagreement had become known and appellant testified that he had heard frequent rumors that the deceased was threatening his life. Late in the afternoon, or early evening, appellant went on a business mission for an automobile establishment for whom he worked and returned by the way of Ora Hunter's home. He visited with his wife, his baby, and Ora Hnnter in front of the house for about an hour and until the deceased approached. He testifies that because of the rumor that deceased was going to kill him he had secured a pistol and placed it in the glove compartment of the automobile. It, therefore, appears that he intended to come by the house at this particular time; that he had in mind the deceased would be there, according to his custom, and that he had armed himself for the occasion. There is but slight evidence to indicate an attack upon appellant by the deceased, yet, that issue was properly submitted to the jury, which seemed to have found the facts against him. The jury found him guilty of murder without malice under a state of facts that would amply have justified

them in finding him guilty of murder with malice had they seen fit to do so.

We find no ground for complaint on the insufficiency of the evidence.

The judgment of the trial court is affirmed.